1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| JAMES TUMINELLO and UBS FINANCIAL SERVICES, INC., | Case No. |
| Plaintiffs, | **COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF** |
| vs. | |
| BRIAN RICHARDS and BRICH HOLDINGS LLC, a Nevis limited liability company, | |
| Defendants. | |

Plaintiffs UBS Financial Services, Inc. ("UBS FS") and James Tuminello (collectively "Plaintiffs") seek declaratory and injunctive relief against Defendants Brian Richards ("Richards") and Brich Holdings LLC ("Brich") and allege as follows:

## I.    INTRODUCTION

1.    Plaintiffs are entitled to declaratory as well as temporary restraint and preliminary and permanent injunctive relief to preclude Defendants from pursuing claims against Plaintiffs in arbitration that Richards submitted in his name only to the Financial Industry Regulatory Authority ("FINRA"). Those claims allege losses in investment accounts in Switzerland owned solely by Brich. Brich established those accounts with Swiss entity UBS Swiss Financial Advisers AG. Defendants Richards and Brich should be enjoined from pursuing the arbitration because (a) in his capacity as manager of Brich, Richards signed agreements to establish the

COMPLAINT FOR DECLARATORY JUDGMENT AND
INJUNCTIVE RELIEF - 1

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 1515
SEATTLE, WASHINGTON 98101
(206) 622-3790

Swiss investment accounts such that Brich was the sole account holder and owner of the accounts, (b) Brich is the real party in interest with respect to any losses in the Swiss investment accounts as alleged in the FINRA arbitration, (c) the agreements that Richards signed as Brich's manager state that Switzerland is "the exclusive place of jurisdiction for any disputes arising out of and in connection with" the Swiss investment accounts, and (d) there is no arbitration agreement between Brich and Plaintiffs.

## II.   PARTIES

2.      UBS Financial Services, Inc. is a broker-dealer incorporated under the laws of the State of Delaware, and its principal place of business is in New Jersey.

3.      James Tuminello is a Washington citizen and resides in this district.

4.      Richards is a Washington citizen and resides in this district.

5.      On information and belief, Brich is a limited liability company formed under the laws of Nevis in the Federation of St. Kitts and Nevis.  Brich is not registered to do business in Washington.

## III.   JURISDICTION AND VENUE

6.      This action involves the Federal Arbitration Act, 9 U.S.C. § 4,  and the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the claims asserted include alleged violations of federal securities statutes and regulations, namely alleged violations of Section 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§ 77q(a), Sections 10(b) and 15(c)(1) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§ 78j(b) and 78o(c)(1), and Rules 10b-5 and 15c-2 promulgated thereunder.

7.      Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events giving rise to this action occurred within this district, namely Richards filing a FINRA arbitration against Plaintiffs for hearing in Seattle, Washington, and Richards is a resident of Washington and can be found in this district.

## IV.   <u>FACTS</u>

8.      Richards initiated an arbitration proceeding in his name only on or about August 25, 2011, against Plaintiffs.  He submitted his Statement of Claim to FINRA using a caption styled "*Brian Richards v.UBS Financial Services, Inc. and James Tuminello*" and the claims submitted have been assigned FINRA Case No. 11-03315 (the "FINRA Arbitration") for hearing in Seattle, Washington.

9.      Without admitting or incorporating any of the allegations therein, attached as Exhibit 1 is a true and correct copy of the Statement of Claim that Richards filed to initiate the FINRA Arbitration.  Exhibit 1 attached hereto includes Exhibit B to the Statement of Claim appearing exactly as Richards submitted it to FINRA, namely without page 2 of the three-page Swiss investment account agreement that identifies Switzerland as the exclusive jurisdiction for resolving all disputes arising out of or in connection with the agreement.

10.     The claims asserted in the FINRA Arbitration allege losses in the Swiss investment accounts that Brich (i.e., not Richards) established with and owned at UBS Swiss Financial Advisers AG in Zurich, Switzerland.

11.     None of the alleged losses at issue in the FINRA Arbitration were in any investment accounts with UBS FS in the United States.

12.     Defendant Richards was not the account holder of any of the Swiss investment accounts at issue in the FINRA Arbitration.

13.     Richards asserted claims against Plaintiffs in his name only even though Brich was the sole holder of the Swiss investment accounts in which the alleged losses occurred.

14.     When Richards caused Brich to establish the UBS Swiss investment accounts at issue in the FINRA Arbitration he signed account agreements in his capacity as manager of Brich that included Swiss jurisdiction and law clauses on page 2 that state as follows:

COMPLAINT FOR DECLARATORY JUDGMENT AND
INJUNCTIVE RELIEF - 3

**Applicable law and Place of jurisdiction**

The present Agreement/and or Declaration shall be <u>exclusively governed by and construed in accordance with Swiss law</u>.  The place of performance of all obligations of both parties, the place of debt collection, the latter only for clients domiciled outside Switzerland, as well as the **<u>exclusive place of jurisdiction</u>** for any disputes arising out of and in connection with the present Agreement and/or Declaration shall be **<u>Zurich, Switzerland</u>**.

15.     The Statement of Claim that Richards submitted to initiate the FINRA Arbitration included pages 1 and 3 from a Swiss investment account agreement as Exhibit B to the Statement of Claim, but page 2 that includes the Swiss jurisdiction and law clauses quoted above was omitted.

16.     Brich is the real party in interest with respect to any losses in the Swiss investment accounts as alleged in the FINRA arbitration.

17.     Plaintiffs never agreed to arbitrate disputes with Brich.

18.     Plaintiffs will be irreparably harmed if they are compelled to arbitrate the claims for alleged losses in Swiss investment accounts owned by Brich that Richards asserted in the FINRA Arbitration in his own name.

19.     The claims that Richards asserted against Plaintiffs in the FINRA Arbitration in his own name immediately affect Plaintiffs' legal interests because Richards seeks to require Plaintiffs to answer in the FINRA arbitration and to otherwise arbitrate the claims, which could result in waiver of the right to assert the Swiss jurisdiction clause in the Swiss investment account agreements that Richards signed on behalf of Brich.

20.     Declaratory and injunctive relief is necessary to require that any disputes arising from or in connection with the Swiss investment accounts be pursued in Switzerland in accordance with the Swiss jurisdiction clause in the agreements that Richards signed on behalf of Brich and to spare Plaintiffs from being forced to arbitrate claims where they have no agreement to arbitrate with Brich.

COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF - 4

21.     A declaratory judgment that Defendants cannot require Plaintiffs to arbitrate the claims asserted in the FINRA arbitration and a temporary restraint, and preliminary and permanent injunction enjoining Defendants' from proceeding with the FINRA Arbitration against Plaintiffs are proper and warranted.

## V.     COUNT I FOR DECLARATORY JUDGMENT

22.     Plaintiffs re-allege the allegations in paragraph 1 through 21.

23.     As the sole owner and account holder of the UBS Swiss accounts at issue in the FINRA Arbitration, Brich is the real party in interest with respect to the claims asserted in the FINRA Arbitration for alleged losses in the Swiss investment accounts.

24.     In his capacity of manager of Brich, Richards signed agreements for the UBS Swiss investment accounts at issue in the FINRA Arbitration.  In those agreements, Brich agreed that the agreements are exclusively governed by and construed in accordance with Swiss law and Switzerland is "the exclusive place of jurisdiction for any disputes arising out of and in connection with" the Swiss investment accounts.

25.     Brich and Plaintiffs never agreed to arbitrate disputes as to the UBS Swiss investment accounts at issue in the FINRA Arbitration.

26.     Accordingly, Plaintiffs lack any obligation to arbitrate the claims asserted against Plaintiffs in the FINRA Arbitration.

27.     Declaratory relief is appropriate because the dispute between the parties is definite and concrete, and it immediately affects Plaintiffs' legal interests.

28.     Plaintiffs are therefore entitled to a declaratory judgment pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 to the effect that Plaintiffs have no obligation to arbitrate the claims asserted against them in the FINRA Arbitration.

## VI.     COUNT II FOR INJUNCTIVE RELIEF

29.     Plaintiffs re-allege the allegations in paragraphs 1 through 28.

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 1515
SEATTLE, WASHINGTON 98101
(206) 622-3790

30.     Plaintiffs will suffer immediate and irreparable harm if they are compelled to arbitrate claims that Brich and Plaintiffs never agreed to arbitrate.

31.     Plaintiffs have a likelihood of success on the merits because (a) Brich agreed exclusively to Swiss jurisdiction as to disputes arising out of or in connection with the UBS Swiss accounts at issue in the FINRA Arbitration, and (b) there is no agreement between Brich and Plaintiffs to arbitrate disputes.

32.     Plaintiffs will suffer irreparable harm in the absence of injunctive relief and have no adequate remedy at law.

33.     Plaintiffs are entitled to a temporary restraining order, and to preliminary and permanent injunctive relief enjoining Defendants from any further acts to pursue the FINRA Arbitration against Plaintiffs.

34.     The balance of equities favors Plaintiffs because Brich is the real party in interest as to the claims asserted in the FINRA Arbitration, it agreed to exclusive Swiss jurisdiction as to any disputes, and there is no agreement to arbitrate disputes between Brich and Plaintiffs.

35.     Injunctive relief is in the public interest because law and policy favors enforcement of forum selection agreements in contracts and favors arbitration only where parties have actually agreed to arbitrate the disputes between them.

## VII.   **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request:

A.     Entry of a declaratory judgment that Plaintiffs have no obligation to arbitrate the FINRA Arbitration initiated by Richards in his name;

B.     Entry of orders temporarily restraining and preliminarily and permanently enjoining Defendants from any further proceedings against Plaintiffs in the FINRA Arbitration; and

COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF - 6

1    C.    Such other and further relief as to the Court is fair, just and proper.

2    DATED this 11th day of November, 2011.

3

4                                    s/Robert J. Bocko
                                     Robert J. Bocko, WSBA No. 15724
5                                    Keesal, Young & Logan
                                     1301 Fifth Avenue, Suite 1515
6                                    Seattle, Washington  98101
                                     Telephone:   (206) 622-3790
7                                    Facsimile:    (206) 343-9529
                                     E mail:      robert.bocko@kyl.com
8                                    ATTORNEYS FOR PLAINTIFFS
                                     UBS FINANCIAL SERVICES, INC. AND
9                                    JAMES TUMINELLO

10

11

12   KYL_SE72546

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DECLARATORY JUDGMENT AND
INJUNCTIVE RELIEF - 7

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 1515
SEATTLE, WASHINGTON 98101
(206) 622-3790